UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DAWN S. NEWTON,

              Plaintiff,

      v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.

NO.  CV-11-226-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

     Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 19 and Defendant's Motion for Summary Judgment, ECF No. 26. The motions were heard without oral argument. Plaintiff is represented by Maureen J. Rosette. Defendant[1] is represented by Assistant United States Attorney Pamela DeRusha and Special Assistant United States Attorney Debra Meachum.

**I.    Jurisdiction**

     On April 22, 2008, Plaintiff Dawn S. Newton applied for Title II Disability Insurance Benefits (DIB) and Title XVII Supplemental Security Income (SSI)

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

benefits. Plaintiff alleges disability beginning March 15, 1998. Her application was denied initially on May 27, 2008, and on reconsideration on October 29, 2008. After timely requesting a hearing, on October 1, 2009, Plaintiff appeared before Administrative Law Judge ("ALJ") R. J. Payne, in Spokane, Washington. Plaintiff was represented by Dana Madsen. Dr. Anthony Francis, M.D., Dr. Marian Martin, Ph.D., and Ms. Diane Kramer, vocational expert, also appeared and testified.

ALJ Payne denied benefits, concluding that Plaintiff was capable of performing past relevant work as a hospital unit clerk, and in the alternative, based on Plaintiff's age, education, work experience, and residual functional capacity there were jobs in significant numbers in the national economy that she could perform. Plaintiff filed a request for review by the Appeals Council, which was denied on May 13, 2011. Plaintiff filed her complaint in the Eastern District of Washington on June 9, 2011. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II.  Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2**

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ  proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  *Id.*  If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

**III.    Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision, and will only be summarized here.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4**

Plaintiff last worked in 1997 as a massage therapist. She also worked as a hospital health unit coordinator. At the time of the hearing, she was 53 years old. She is single, has one grown child, and has a high school diploma and a one-year nursing degree. She currently lives with her mother.

Plaintiff testified she cannot work because of her lower back pain. She states she lays down for most of the day, she can sit for 5-10 minutes before she has to move, and can stand for about 40 minutes. She has difficulty walking and cannot lift more than 5 lbs. She reported she does not do any housework or chores, other than dishes. She engages in reading, yoga and meditation.

## V.    The ALJ's findings

The ALJ found that Plaintiff met the insured status requirements through December 31, 2003, and she had not engaged in substantial gainful activity since March 15, 1998, the alleged onset date. (Tr. 22.)

At step two, the ALJ found Plaintiff has the following severe impairments: chronic low back pain. The ALJ found that Plaintiff's medically determinable impairment of anxiety, pain disorder, and personality disorder were non-severe because they do not cause more than minimal limitation in her ability to perform basic mental work activities. (Tr. 23.) The ALJ also found the following physical impairments as non-severe: left ankle stiffness, osteoporosis, hypertension, and acute labrynthitis (dizziness).

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P. Specifically, the ALJ found that Plaintiff's low back pain does not meet the medically equal listing requirements of 1.04, *Disorders of the Spine*.

The ALJ found Plaintiff has the following residual functional capacity:

> can lift 20 pounds occasionally and frequently lift or carry 10 pounds; sit for six hours and stand or walk for six hours in an eight-hour

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

workday; unlimited in ability to push or pull; occasionally climb stairs or ramps, but no climbing ladders, crouch, or crawl; avoid concentrated exposure to hazards such as machinery and heights. (Tr. 25.)

The ALJ noted she has physical and mental symptomatology to include mild to moderate frequent pain, for which Plaintiff takes medication. (Tr. 25.) Even so, Plaintiff could remain reasonably attentive and responsive in a work setting and would be able to carry out work assignments satisfactorily. (Tr. 25.)

At step four, the ALJ found Plaintiff is capable of performing past relevant work as a hospital unit clerk, and in the alternative, after considering Plaintiff's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely, mail clerk, survey worker, and cashier II. (Tr. 30-31.)

**VI.    Issues for Review**

Plaintiff presents the following issues with respect to the ALJ's findings:

1.  There is not substantial evidence to support the ALJ's conclusions.

2.   The ALJ erred at step two in not finding that she has a severe mental impairment.

3.   The ALJ erred in relying on the testimony of a medical expert over the opinions of treating and examining sources regarding her psychological impairments.

4.   The ALJ did not properly consider her testimony regarding her symptoms and limitations from her impairments.

**VII.  Discussion**

**1.      Step Two - Severe Mental Impairment**

Plaintiff argues the ALJ erred in conducting the step two analysis when he failed to find that Plaintiff had a severe mental impairment. Plaintiff maintains she presented ample evidence consisting of signs, symptoms, and laboratory findings providing the existence of a severe mental impairment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6**

1    In step two of the disability determination, an ALJ must determine whether

2    the claimant has a medically severe impairment or combination of impairments. In

3    making this determination, an ALJ is bound by 20 C.F.R. § 404.1520a. That

4    regulation requires those reviewing an application for disability to follow a special

5    psychiatric review technique. 20 C.F.R. § 404.1520a. Specifically, the reviewer

6    must determine whether an applicant has a medically determinable mental

7    impairment, *id.* § 404.1520a(b), rate the degree of functional limitation for four

8    functional areas, *id.* § 404.1520a(c), determine the severity of the mental

9    impairment (in part based on the degree of functional limitation), *id.* §

10   404.1520a(c)(1), and then, if the impairment is severe, proceed to step three of the

11   disability analysis to determine if the impairment meets or equals a specific listed

12   mental disorder, *id.* § 404.1520a(c)(2); *see also Keyser v. Comm'r Soc. Sec.*

13   *Admin.*, 648 F.3d 721, 725 (9th Cir. 2011).

14       Here, the ALJ conducted the requisite psychiatric review. His conclusion

15   that Plaintiff's medically determinable mental impairments of anxiety, pain

16   disorder associated with both psychological factors and general medical

17   conditions, and personality disorder not otherwise specified do not cause more

18   than minimal effect on her ability to work is supported by substantial evidence.

19   The ALJ noted that Plaintiff had no limitations on her daily living, except those

20   created by her physical condition, Plaintiff reported no problems in the workplace,

21   no evidence of panic attacks, isolation, or social withdrawal, no reported problems

22   with concentration, persistence or pace, and no episodes of decompensation.

23   Plaintiff is not taking any medication for any mental impairment; instead it was

24   prescribed for sleep. Plaintiff has normal mental status examinations and she has

25   not sought treatment for any mental health impairment since 1986. In the past,

26   Plaintiff was a world traveler. And, as set forth below, the ALJ properly gave little

27   weight to the DSHS evaluations.

28       The ALJ did not err in concluding that Plaintiff did not have a severe mental

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7**

1    impairment.

2        **2.    Medical Testimony**

3        Plaintiff argues the ALJ failed to set forth the requisite specific and

4    legitimate reasons supported by substantial evidence in the record for rejecting the

5    opinions of Dr. Mabee and Dr. Greene. The ALJ gave limited weight to Dr. Mabee

6    and Greene's opinions. (Tr. 23.)

7        Both doctors evaluated Plaintiff based on a referral by the Department of

8    Social and Health Services to determine if there is sufficient psychological

9    impairment to prevent her from work. (Tr. 238, 344.) They found she had several

10   moderate work-related limitations. Specifically, these evaluators concluded that

11   Plaintiff would have moderate limitations with regard to her ability to perform

12   routine tasks, relate appropriately to coworkers and supervisors, interact

13   appropriately in public contacts, respond appropriately to and tolerate the

14   pressures and expectations of a normal work setting, care for self, including

15   personal hygiene and appearance, and control physical or motor movements and

16   maintain appropriate behavior. (Tr. 245, 342, 394). Plaintiff asks the Court to

17   credit these opinions and determine that her mental impairment caused more than

18   slight abnormalities on her ability to work. Plaintiff also argues the ALJ erred in

19   using Dr. Martin's testimony to reject Dr. Mabee and Dr. Greene's opinions.

20       Generally, more weight will be given to the opinion of a source who has

21   examined the claimant than to the opinion of a source who has not examined the

22   claim. 20 C.F.R. § 404.1527(c)(2)(1); *see Lester v. Chater*, 81 F.3d 821, 830 (9th

23   Cir. 1995) ("The opinion of an examining physician is, in turn, entitled to greater

24   weight than the opinion of a nonexamining physician."). The more a medical

25   source presents relevant evidence to support an opinion, greater weight will be

26   given that opinion, and the more consistent an opinion is with the record as a

27   whole, greater weight will be given that opinion. § 404.1527(c)(3),(4).

28       The opinion of an examining doctor, even if contradicted by another doctor,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8**

can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Lester*, 81 F.3d at 831. The Ninth Circuit has instructed that "the report of a non-treating, non-examining physician, combined with the ALJ's own observance of the claimant's demeanor at the hearing did not constitute substantial evidence to support rejecting the examining physician's opinion." *Id.*

Here, the ALJ provided specific and legitimate reasons for rejecting Dr. Mabee's and Greene's opinions and there is ample evidence to support the ALJ's rejection of Dr. Mabee's and Dr. Greene's opinions. Dr. Mabee's and Dr. Greene's opinions are not consistent with the record as a whole. As the ALJ noted, during the first evaluation, Plaintiff denied having any psychological issues, scored in the mild range on the depression and anxiety inventories, and had a normal mental status examination. A year later, Plaintiff scored in the moderate range with respect to depression and anxiety, but the remainder of the examination was unchanged. The ALJ noted that Plaintiff has not sought treatment for mental health since 1986. Plaintiff reported no problems in the workplace, and there is no evidence in the record of panic attacks, isolation, or social withdrawal.  She did not report any problems with her daily living activities, except those caused by her physical condition. There was no indication in the record that Plaintiff had problems with concentration, persistence or pace and she had normal scores on the Trial Making A and B tests. Plaintiff arrived for her appointments on time and was clean and well-dressed. Her eye contact, speech content, speech fluency and affect were within normal limits. Dr. Martin testified he believed the scores and conclusions were incorrect because the evaluators focused on Plaintiff's pain complaints in forming their conclusions.

The ALJ did not err in relying giving the DSHS evaluators little weight. The moderate limitations set forth in the evaluators reports are not consistent with the record as a whole.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 9

1        **3.    ALJ's Credibility Finding**

2        Plaintiff asserts the ALJ failed to state why he did not find Plaintiff credible

3    and what facts in the record led him to that conclusion.

4        Here, the ALJ properly engaged in the two step process to evaluate

5    Plaintiff's testimony regarding subjective pain.[2]  He found that while Plaintiff's

6    medically determinable impairment could reasonably be expected to cause some of

7    the alleged symptoms, Plaintiff's statements concerning the intensity, persistence

8    and limiting effects of the symptoms were not credible to the extent they were

9    inconsistent with the ALJ's residual functional capacity assessment (Tr. 13).

10        An ALJ's assessment of a claimant's credibility is entitled to "great weight."

11   *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990). When there is no

12   evidence of malingering, the ALJ must give "'specific, clear and convincing

13   reasons'" for rejecting a claimant's subjective symptom testimony. *Molina v.*

14   *Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted); *accord Taylor v.*

15   *Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (*citing*

16   _____

17      [2]In order to find a claimant's testimony regarding severity of his impairments

18   unreliable, the ALJ must make "a credibility determination with findings

19   sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily

20   discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th

21   Cir. 2008). (citation omitted).  In doing so, the Court engages in a two-step

22   analysis. First, the ALJ must determine whether the claimant has presented

23   objective medical evidence of an underlying impairment 'which could reasonably

24   be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v.*

25   *Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Once a "claimant meets this first test,

26   and there is not evidence of malingering, the ALJ can reject the claimant's

27   testimony about the severity of her symptoms only by offering clear and

28   convincing reasons for doing so." *Id.*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT ~ 10**

1  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).[3] If the ALJ's

2  credibility finding is supported by substantial evidence in the record, the

3  reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278

4  F.3d 947, 959 (9th Cir. 2002).

5        In recognition of the fact that an individual's symptoms can sometimes

6  suggest a greater level of severity of impairment than can be shown by the

7  objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe

8  the kinds of evidence, including the factors below, that the ALJ must consider in

9  addition to the objective medical evidence when assessing the credibility of an

10  individual's statements:

11        1. The individual's daily activities;

12        2. The location, duration, frequency, and intensity of the individual's pain or

13  other symptoms;

14        3. Factors that precipitate and aggravate the symptoms;

15

16      [3]Defendant argues the Court need only determine whether the ALJ properly

17  made "specific," cogent findings, supported in the record, for rejecting a

18  claimant's subjective symptom testimony, rather than "clear and convincing

19  evidence." Indeed, some cases have held that, at a minimum, an ALJ must make

20  specific, cogent findings, supported in the record, to reject a claimant's subjective

21  symptom testimony. *See*, *e.g., Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir.

22  2010); *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990); *see also* Social

23  Security Ruling.("SSR") 96–7p ("When evaluating the credibility of an

24  individual's statements, the adjudicator must consider the entire case record and

25  give specific reasons for the weight given to the individual's statements"). The

26  majority of cases apply the clear and convincing standard. Out of an abundance of

27  caution, this Court shall apply the arguably more rigorous "clear and convincing"

28  standard.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11**

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Here, the ALJ did not commit legal error in his consideration of Plaintiff's testimony and did not err in not crediting Plaintiff's reports of her limitations caused by her impairments. Moreover, the ALJ provided specific findings and stated clear and convincing reasons in finding Plaintiff's testimony regarding her limitations not credible. The ALJ reviewed the medical evidence and concluded it did not support Plaintiff's subjective complaints. Although Plaintiff states she injured her back in 1979, there is no medical evidence prior to 2008. Malingering was noted in March 6, 2009. She was discharged from a pain management program in January, 2009. The ALJ noted that Plaintiff testified she can only sit for 5 minutes, yet examination notes indicate that Plaintiff was able to sit attentively through examinations, and Plaintiff stated she was able to sit through movies. Similarly, she testified she had trouble walking, yet treatment notes gave no indication of any problems with ambulation. More importantly, Plaintiff indicated that her present impairment (back pain) was approximately the same level of severity for approximately 30 years, yet she was able to work for a significant amount of years during that time. Also, the case records show that Plaintiff's activities of daily living are not as limited as she alleged at the hearing. She has no problems with self-care, no problems with daily household chores,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 12

1   grocery shopping, and preparing simple meals. She takes care of her grandsons

2   every other weekend. Finally, Plaintiff has spent a significant amount of time in

3   the last thirty years traveling the world, and performing community service-type

4   work.

5        The ALJ did not err in evaluating Plaintiff's credibility regarding her reports

6   of her limitations caused by her impairments.

7        **4.    Substantial Evidence**

8        Substantial evidence supports the ALJ's decision. Dr. Francis, Dr Bagby,

9   and the State reviewing consultants concluded that Plaintiff is capable of light

10  exertion work. Richard Hedrick, Plaintiff's physician assistant, concluded that

11  Plaintiff was capable of light work. There is relatively weak medical evidence

12  supporting Plaintiff's physical complaints and the record indicates that Plaintiff

13  may have been malingering. Moreover, Plaintiff chooses to not follow the

14  prescribed treatments.

15  **VIII.  Conclusion**

16       Plaintiff has not met her burden of showing the ALJ committed legal error,

17  or that his conclusion that Plaintiff was not disabled from March 1998 to October

18  15, 2009, was not supported by substantial evidence. The ALJ properly found that

19  Plaintiff was capable of performing past relevant work as a hospital unit clerk and

20  therefore, she is not disabled.

21       Accordingly, **IT IS HEREBY ORDERED:**

22       1.   Plaintiff's Motion for Summary Judgment, ECF 19, is **DENIED**.

23       2.   Defendant's Motion for Summary Judgment, ECF No. 26,

24  is **GRANTED.**

25  ///

26  ///

27  ///

28  ///

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13**

1    3.   The District Court Executive is directed to enter judgment in favor of

2  Defendant and against Plaintiff.

3    **IT IS SO ORDERED.** The District Court Executive is hereby directed to

4  file this Order, provide copies to counsel, and **close the file**.

5    **DATED** this 23rd day of July, 2013.

6

7

8                              *s/Robert H. Whaley*

9                         ROBERT H. WHALEY
                          United States District Judge

10

11

12  Q:\RHW\aCIVIL\2011\Newton 11-226\sj.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14**